UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARILYN DILLARD; STEPHEN DILLARD individually; ELAINE GARCIA as guardian ad litem for CIERA DILLARD and ARIEL DILLARD,

    Plaintiffs,

    v.

VICTORIA M. MORTON ENTERPRISES, INC.; VICTORIA M. MORTON, individually; SUDDENLY SLENDER; SUDDENLY SLENDER INTERNATIONAL; PERSONAL BEAUTY UNLIMITED, INC.; RESEARCH FOUNDATION FOR BIOCHEMISTRY AND NUTRITION CORP.; PYRAMID CONSULTING AND INVESTMENT CO., INC.; HOT TICKET ENTERPRISES, INC.; DOES 1 through 100; and ROES 101 through 200, INCLUSIVE,

    Defendants.

CIV. NO. S-08-1339 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendants' counsel John M. Laplante's motion to withdraw as attorney of record for defendants Victoria M. Morton, Victoria M. Morton Enterprises, Inc., Suddenly Slender, Suddenly Slender International and

1

Pyramid Consulting and Investment Co., Inc.  E.D. Cal. L.R. 83-182(a),(d); Cal. Rule Prof. Conduct 3-700(C)(1)(f).[1]

Individual defendant Victoria Morton has yet to retain new counsel, and thus, if Mr. Laplante's motion is granted, she will proceed in pro per.  Pursuant to Eastern District Local Rule 83-182(d):

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

In his affidavit submitted in support of the motion, Mr. Laplante set forth Ms. Morton's last known address.  (Laplante Decl., filed Jan. 15, 2009, ¶ 9.)  Further, counsel represents that he informed Ms. Morton of this motion by mail to her last known address.  (Id. at ¶ 10.) Accordingly, the court finds that counsel has complied with the procedural requirements of Local Rule 83-182(d) with respect to Ms. Morton.

However, Eastern District Local Rule 83-183(a) provides, "A corporation or other entity may appear only by an attorney." While this rule bars a corporation from acting in pro per, it does not prevent counsel from withdrawing from representation of a corporation where good cause exists.  See In re Truck-A-Way, S-03-00112 FCD/JFM, Order, filed May 26, 2004 (permitting counsel to withdraw from representation of corporate entity); Thomas G. Ferruzo, Inc. v. Superior Court, 104 Cal. App. 3d 501 (1980)

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

(holding that counsel could withdraw from representation of corporate entity due to non-cooperation by client and non-payment of attorney fees).  Mr. Laplante represents in his affidavit that he advised the corporate entity defendants by mail, through their representative Ms. Morton, that a corporate defendant may not appear in pro per, and that a corporation may appear only by legal counsel.  (Laplante Decl. at ¶ 10.)  Further, Mr. Laplante set forth defendant corporations' last known addresses, and represents that he informed these defendants of this motion by mail to these addresses.  (Id. at ¶¶ 9-10.)  Accordingly, the court finds that counsel has complied with the notice requirements with respect to the defendant corporations.

Local Rule 83-182(d) further provides that "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State of California, and the attorney shall conform to the requirements of those rules."  California Rule of Professional Conduct, Rule 3-700(C)(1)(f) permits, but does not require, an attorney to withdraw where the client "breaches an agreement or obligation to the member as to expenses or fees."  In his affidavit, Mr. Laplante represents that "[s]ince August of 2008, Defendants['] billing account has been in arrears with Laplante, Spinelli, Donald, & Nott.  Notwithstanding numerous promises and several extensions of time, it continues to be in substantial arrears without payment since August 14, 2008."  Based on this representation, the court finds that counsel has satisfied Rule 3-700(C)(1)(f)'s grounds for permissive withdrawal.

Notwithstanding the above, Rule 3-700(a) provides that "a member shall not withdraw from employment until the member has

3

1 taken reasonable steps to avoid reasonably foreseeable prejudice
2 to the rights of the client[.]"  Here, defendants will not suffer
3 injustice or delay if counsel is permitted to withdraw.
4 Plaintiffs' complaint was filed less than six months ago, formal
5 discovery has yet to begin, and trial in this matter is set for
6 April 20, 2010.  Defendants have sufficient time to retain
7 substitute counsel, and for that lawyer to become familiar with
8 the case and relevant issues.
9       Accordingly, defendants' counsel John M. Laplante's motion
10 to withdraw as attorney of record is GRANTED.  Victoria Morton,
11 as an individual, shall appear in the above entitled case pro
12 per.  The Clerk of the Court is directed to add Ms. Victoria
13 Morton to the service list; her address is 1620 N. Hercules
14 Avenue, Suite G, Clearwater, Florida, 33765.  Corporate
15 defendants Victoria M. Morton Enterprises, Inc., Suddenly
16 Slender, Suddenly Slender International and Pyramid Consulting
17 and Investment Co., Inc. may not appear in this case without
18 counsel.  The addresses for these corporate defendants are as
19 follows: Victoria M. Morton Enterprises, Inc., c/o Victoria
20 Morton, 1620 N. Hercules Avenue, Suite G, Clearwater, Florida,
21 33765; Suddenly Slender, c/o Victoria Morton, 1620 N. Hercules
22 Avenue, Suite G, Clearwater, Florida, 33765; Suddenly Slender
23 International, c/o Victoria Morton, 1620 N. Hercules Avenue,
24 Suite G, Clearwater, Florida, 33765; Pyramid Consulting and
25 Investment Co., Inc., c/o Victoria Morton, 1620 N. Hercules
26 Avenue, Suite G, Clearwater, Florida, 33765.
27       This case is hereby referred to the magistrate judge
28 assigned to this case for all pre-trial purposes.  See 28 U.S.C.

4

1  § 636(b)(1)(B); E.D. Cal. L.R. 72-302(c)(21).
2       IT IS SO ORDERED.
3  DATED: February 25, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE