IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN DILLARD, et al.,

    Plaintiffs,                 No. 2:08-cv-01339 FCD KJN PS

    vs.

VICTORIA M. MORTON
ENTERPRISES, INC., et al.,

    Defendants.           ORDER
_____/

        On February 11, 2010, plaintiffs filed a document entitled "Notice of Dismissal As To Defendant Victoria Morton (Fed. R. Civ. P. 41(a)(1)(A)(i))," which purported to voluntarily dismiss defendant Victoria Morton, an individual proceeding without counsel, from this action without prejudice.[1] (Dkt. No. 42.) The operative complaint is plaintiffs' First Amended Complaint (Dkt. No. 20), and Ms. Morton has filed an answer to the First Amended

---

[1] Ms. Morton is one of several defendants in this action. Defendants Personal Beauty Unlimited, Inc., Research Foundation for Biochemistry and Nutrition Corp., and Hot Ticket Enterprises, Inc. have already been dismissed from this action without prejudice pursuant to a stipulation approved by the court. (Dkt. No. 10.) The court's docket reflects the Clerk of the Court has entered default with respect to defendants Suddenly Slender International, Pyramid Consulting and Investment Co., Victoria M. Morton Enterprises, Inc., and Suddenly Slender. (Dkt. Nos. 38, 39.)

1

Complaint (Dkt. No. 22).

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . ." Dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction once the notice of voluntary dismissal is filed.  See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1145 (9th Cir. 2008).

Here, plaintiffs' notice of dismissal is defective because Ms. Morton served an answer to plaintiffs' First Amended Complaint before plaintiffs filed their notice of dismissal. Thus, in order for plaintiffs to dismiss Ms. Morton from the action without a court order, they must file a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  Absent such a stipulation, plaintiffs must obtain a "court order, on terms that the court considers proper," in order to effect the voluntary dismissal of Ms. Morton.  Fed. R. Civ. P. 41(a)(2).

The court hereby ORDERS that:

1. Plaintiffs' "Notice of Dismissal As To Defendant Victoria Morton (Fed. R. Civ. P. 41(a)(1)(A)(i))" is defective and does not effectuate the dismissal of Victoria Morton without prejudice;

2. Plaintiffs' notice is construed as a motion for voluntary dismissal; and

3. Within fourteen (14) days of the date of this order, defendant Victoria Morton may file either (1) a statement of non-opposition and joinder in her dismissal from this action without prejudice, or (2) an opposition to her dismissal or dismissal without prejudice, which may alternatively request that the court consider imposing appropriate conditions on the dismissal sought by plaintiffs.

If defendant Victoria Morton fails to file a writing provided for above within the time permitted, the undersigned will recommend to the United States District Judge assigned to

1  this case that defendant Victoria Morton be dismissed from the action on terms that the court
2  considers proper.
3  **IT IS SO ORDERED.**
4  DATED: February 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE