IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN DILLARD, et al.,

    Plaintiffs,

    v.

VICTORIA M. MORTON
ENTERPRISES, INC., et al.,

    Defendants.

_____/

No. 2:08-cv-01339 FCD KJN PS

FINDINGS AND RECOMMENDATIONS

On February 11, 2010, plaintiffs filed a document entitled "Notice of Dismissal As To Defendant Victoria Morton (Fed. R. Civ. P. 41(a)(1)(A)(I))," which purported to voluntarily dismiss defendant Victoria Morton, an individual proceeding without counsel, from this action without prejudice and without a court order.[1] (Dkt. No. 42.) On February 25, 2010, the undersigned entered an order finding that plaintiffs' notice did not effectuate a dismissal of

---

[1] Ms. Morton is one of several defendants in this action. Defendants Personal Beauty Unlimited, Inc., Research Foundation for Biochemistry and Nutrition Corp., and Hot Ticket Enterprises, Inc. have already been dismissed from this action without prejudice pursuant to a stipulation approved by the court. (Dkt. No. 10.) The court's docket reflects that the Clerk of the Court entered default, and plaintiffs recently filed an application for default judgment, with respect to defendants Suddenly Slender International, Pyramid Consulting and Investment Co., Victoria M. Morton Enterprises, Inc., and Suddenly Slender. (Dkt. Nos. 38, 39, 44, 45.)

Ms. Morton pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I) because Ms. Morton had already filed an answer to plaintiffs' First Amended Complaint. (Dkt. No. 43 at 2.) In that order, the undersigned provided Ms. Morton with 14 days to file an opposition, statement of non-opposition, or recommendations of conditions to be imposed on her dismissal from this action. (Id.) Ms. Morton has not filed any of the documents identified in the order.

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Id.; see also Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result" (footnote omitted).). The Ninth Circuit Court of Appeals has described "plain legal prejudice" as "prejudice to some legal interest, some legal claim, some legal argument." Smith, 263 F.3d at 976 (citation and quotation marks omitted). It has further held that, among other things, the following circumstances resulting from the dismissal do not constitute plain legal prejudice: (1) uncertainty because a dispute remains unresolved; (2) uncertainty because of the threat of future litigation; (3) inconvenience to the defendant by having to defend in another forum; and (4) plaintiff would gain a tactical advantage by the dismissal. Id.

Here, defendant Victoria Morton chose not to respond to the court's order granting her an opportunity to be heard regarding whether she should be dismissed from this action, whether the dismissal should be with or without prejudice, or whether the court should attach conditions to any dismissal. Having considered the record in this case, and without a response from Ms. Morton, the undersigned is unable to identify any plain legal prejudice to Ms. Morton as a result of her dismissal without prejudice. Accordingly, the undersigned recommends that plaintiffs' motion be granted and that Ms. Morton be dismissed from this action

without prejudice.

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Plaintiffs' "Notice of Dismissal As To Defendant Victoria Morton (Fed. R. Civ. P. 41(a)(1)(A)(I))," which has been construed as a motion for voluntary dismissal, be granted; and

2. Defendant Victoria Morton, an individual, be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 18, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE