1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARILYN DILLARD, et al.,

11            Plaintiffs,                 No. 2:08-cv-01339 FCD KJN PS

12       v.                               ORDER

13   VICTORIA M. MORTON
     ENTERPRISES, INC., et al.,
14
              Defendants.
15
     _____
16
     RUTH GALTIERI-CARLSON, et al.,
17
              Plaintiffs,                 No. 2:08-cv-01777 FCD KJN PS
18
         v.                               ORDER
19
     VICTORIA M. MORTON
20   ENTERPRISES, INC., et al.,

21            Defendants.
     _____/
22

23            Presently before the court is a "Motion to Strike Defendants' Answer and

24   Continued Application for Default Judgment," which was filed by plaintiffs in the above-

25   captioned actions.  (Dillard, et al. v. Victoria M. Morton Enterprises, Inc., et al., No. 2:08-cv-

26   1339 FCD KJN PS ("Dillard"), Dkt. No. 54; Galtieri-Carlson, et al. v. Victoria M. Morton

                                            1

1   Enterprises, Inc., et al., No. 2:08-cv-1777 FCD KJN PS ("Galtieri-Carlson"), Dkt. No. 40.)  As

2   discussed below, the undersigned will leave plaintiffs' motion to strike on calendar for

3   September 2, 2010, but will specially set a hearing on plaintiffs' "continued application for

4   default judgment."

5           Plaintiffs in the above-captioned actions, which are related but unconsolidated,

6   jointly applied for entry of default judgment against various defendants who at one point in the

7   litigation appeared but have ceased defending themselves in the litigation.  On April 23, 2010,

8   the undersigned denied plaintiffs' application due to several deficiencies contained therein,

9   which were addressed in detail in the 30-page order entered in both actions.  (See Dillard,

10  No. 2:08-cv-1339 FCD KJN PS, Dkt. No. 51; see also Galtieri-Carlson, No. 2:08-cv-1777 FCD

11  KJN PS, Dkt. No. 36.)  In essence, plaintiffs filed an imprecise and attempted expedient

12  application for default judgment that left the court to research the legal sufficiency of plaintiffs'

13  claims in both cases and attempt to resolve a number of procedural deficiencies, and which did

14  not provide a legal basis or sufficient factual basis for the collective $2 million dollar damages

15  award sought by plaintiffs.[1]  The denial of plaintiffs' joint application for default judgment was

16  without prejudice, and the undersigned provided plaintiffs in both actions 60 days to, among

17  other things, "file supplemental materials, including supplemental declarations and a

18  memorandum of points and authorities, legally and factually substantiating a precise request for

19  damages on behalf of each of the plaintiffs . . . and addressing the court's substantive concerns."

20  (See Dillard, No. 2:08-cv-1339 FCD KJN PS, Dkt. No. 51 at 29; see also Galtieri-Carlson,

21  No. 2:08-cv-1777 FCD KJN PS, Dkt. No. 36 at 30.)

---

[1]  Although plaintiffs previously sought a collective award of $2 million dollars on behalf of all plaintiffs in *both* actions, the undersigned notes that now plaintiffs in *each* case inexplicably seek $2 million dollars in damages.  (Compare Application for Default J. By Court ¶ 4, Dillard, No. 2:08-cv-1339 FCD KJN PS, Dkt. No. 44, with Aff. of R. Parker White in Supp. of Application for Default J. ¶ 2, Dillard, No. 2:08-cv-1339 FCD KJN PS, Doc. No. 54-2, and Galtieri-Carlson, No. 2:08-cv-1777 FCD KJN PS, Doc. No. 40-2.)  This unexplained, significant change is emblematic of the imprecision that causes the court concern regarding the adequacy of the legal and factual basis for plaintiffs' damages claims in both cases.

2

In response to the court's order, plaintiffs in both actions filed the pending "Continued Application for Default Judgment" and a related declaration of R. Parker White in support ("White Declaration."), which are identical.  Rather than address the court's detailed concerns regarding, among others, the legal and factual basis for plaintiffs' respective requests for damages in each case, which have now inexplicably doubled to $2 million dollars per set of plaintiffs, the White Declaration, which totals two pages in length, simply states the following:

> 2.  In response to the Court's order dated April 23, 2010, Plaintiffs request a default judgment in the amount of $2,000,000.00 each, based on the papers already submitted before the Court.  Additionally, Plaintiffs request a prove-up hearing and will submit to examination before the Court and will submit medical records already obtained on behalf of Plaintiffs.  At this stage of the litigation, because Defendants have failed to participate in discovery, Plaintiffs cannot justify the expense of submitting experts before the Court in support of Plaintiffs request for default judgments against Defendants.

(White Decl. ¶ 2, <u>Dillard</u>, No. 2:08-cv-1339 FCD KJN PS, Doc. No. 54-2, and <u>Galtieri-Carlson</u>, No. 2:08-cv-1777 FCD KJN PS, Doc. No. 40-2.)

The undersigned will grant plaintiffs' request for a "prove-up hearing" in each case, and will specially set that hearing.  However, the undersigned notes that plaintiffs' counsel's generalized one-paragraph response to the court's 30-page order, which highlighted serious and specific concerns about the viability of plaintiffs' entitlement to damages in each case, is troubling.  It illustrates plaintiffs' counsel's unwillingness to invest the time and effort required to legally and factually substantiate plaintiffs' collective claim for $4 million dollars in damages.[2]  For example, a prove-up hearing, as opposed to an organized and detailed memorandum of points and authorities supported by declarations and documentary evidence, will not provide the court with plaintiffs' precise request for damages and the legal basis for the award of specific categories or types of damages.  It appears plaintiffs' counsel would prefer to

---

[2]  Plaintiffs are reminded that although a party's default conclusively establishes that party's liability, it does not establish the amount of damages.  <u>See</u>, <u>e.g.</u>, <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1414 (9th Cir. 1990).

1   simply submit testimony and evidence to the court and leave it to the court to determine the legal

2   basis for the damages sought and the amount of damages.  Plaintiffs are entitled to take their

3   chances with this less-than-ideal approach, which is the same approach that led to the court's

4   initial denial of plaintiffs' deficient application for default judgment.  Nevertheless, although the

5   court will grant plaintiffs in both cases their requested prove-up hearing, it will permit plaintiffs

6   in each case to submit memoranda points and authorities and supporting declarations, as

7   discussed in the court's April 23, 2010 orders, prior to the prove-up hearing.

8           For the foregoing reasons, IT IS HEREBY ORDERED that:

9           1.     The motion to strike defendants' answer filed by the plaintiffs in each

10   action will remain on calendar for hearing on September 2, 2010, at 10:00 a.m., in Courtroom 25,

11   subject to submission by the court prior to the hearing.

12           2.     The court shall specially set and conduct a prove-up hearing in _Dillard,_

13   _et al. v. Victoria M. Morton Enterprises, Inc., et al.,_ No. 2:08-cv-1339 FCD KJN PS, and

14   _Galtieri-Carlson, et al. v. Victoria M. Morton Enterprises, Inc., et al.,_ No. 2:08-cv-1777 FCD

15   KJN PS, on Wednesday, September 29, 2010, at 10:00 a.m., in Courtroom 25.

16           3.     On or before September 3, 2010, plaintiffs in each case shall submit to the

17   court a list of witnesses that will testify at the respective prove-up hearings, which shall include a

18   brief statement of the topics about which those witnesses will testify.  Plaintiffs in each case shall

19   also indicate whether a parent or guardian ad litem will testify on behalf of any minor plaintiffs

20   on whose behalf damages are sought.

21           4.     On or before September 3, 2010, plaintiffs in each case shall submit to the

22   court any and all admissible documentary evidence that they feel factually substantiates their

23   respective claims for damages.

24           5.     Plaintiffs in each case may file, on or before September 3, 2010,

25   respective memoranda of points and authorities and supplemental declarations addressing the

26   ////

court's concerns identified in the court's April 23, 2010 orders denying plaintiffs' deficient application for default judgment.

      6.    The Office of the Clerk of Court is directed to file this order in both cases addressed herein, No. 2:08-cv-1339 FCD KJN PS and No. 2:08-cv-1777 FCD KJN PS.

      IT IS SO ORDERED.

DATED:  July 21, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5