1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARILYN DILLARD, et. al.,                No. 2:08-cv-1339 KJM KJN PS

12              Plaintiffs,

13        v.

14   VICTORIA M. MORTON ENTERPRISES,
     INC., et. al.,
15              Defendants.

16   _____

17   RUTH GALTIERI-CARLSON, et. al.,          No. 2:08-cv-1777 KJM KJN PS

18              Plaintiffs,

19        v.

20   VICTORIA M. MORTON ENTERPRISES,          **AMENDED ORDER**
     INC., et. al.,
21              Defendants.

22

23          On June 20, 2011 this court entered default judgment for plaintiffs.  Plaintiffs

24   have since sought to domesticate the order in the State of Florida, where the defendants are

25   incorporated.  However, plaintiffs have since learned that the defendants are registered with the

26   Florida Secretary of State under business names slightly different than the names used in the

27   order.  "The court may correct a clerical mistake or a mistake arising from oversight or omission

28

whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." FED. R. CIV. P. 60(a).  Upon plaintiffs' motion, the court amends its order as follows:

On February 4, 2011, the magistrate judge filed findings and recommendations in these related cases. The findings and recommendations were served on the parties and contained notices that any objections to the findings and recommendations were to be filed within fourteen days. No objections have been filed in either case.

Accordingly, the court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations filed in each of the above-captioned cases on February 4, 2011, are ADOPTED;

2. The application for default judgment filed by plaintiffs in *Dillard, et al. v. Victoria M. Morton Enterprises, Inc*., et al., No. 2:08-cv-1339 KJM KJN PS (Dkts. Nos. 44, 54) is granted, and default judgment, imposing joint and several liability, is entered in that case against the following defendants: VMM Enterprises, Inc., Suddenly Slender, Inc., and Suddenly Slender International, Inc.;

3. General damages in the amount of $200,000 are awarded to plaintiff Marilyn Dillard;

4. General damages in the amount of $50,000 are awarded to plaintiff Stephen Dillard;

5. General damages in the amount of $50,000 are awarded to plaintiff Ariel Dillard;

6. General damages in the amount of $100,000 are awarded to plaintiff Ciera Dillard;

7. The application for default judgment filed by plaintiffs in *Galtieri-Carlson, et al. v. Victoria M. Morton Enterprises, Inc., et al*., No. 2:08-cv-1777 KJM KJN PS (Dkt. Nos. 34, 40) is granted, and default judgment, imposing joint and several liability, is entered in that case against the following defendants: VMM Enterprises, Inc., Suddenly Slender, Inc., and Suddenly Slender International, Inc.;

8. General damages in the amount of $125,000 are awarded to plaintiff Ruth Galtieri-Carlson;

9. General damages in the amount of $200,000 are awarded to plaintiff Deana Galtieri;

10. General damages in the amount of $75,000 are awarded to plaintiff Christian Galtieri-Brown; and

11. The Clerk of Court is directed to close this case.

DATED:  October 3, 2012.

_____
UNITED STATES DISTRICT JUDGE